**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
Sue J. Nam
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

**REESE LLP**
Charles D. Moore (to be admitted to E.D.N.Y.)
*cmoore@reesellp.com*
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55412
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272


*Counsel for Plaintiff and the Proposed Class*

United States District Court
Eastern District of New York

| | |
|---|---|
| Monique Salerno individually and on behalf of all others similarly situated | |
| Plaintiff | Case No. 21-cv-4987 |
| - against - | Class Action Complaint |
| Kirk's Natural LLC | Jury Trial Demanded |
| Defendant | |

Plaintiff Monique Salerno ("Plaintiff"), by her undersigned attorneys alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

## INTRODUCTION

1.     This is a proposed class action brought on behalf of New York consumers of Defendant Kirk's Natural LLC ("Defendant") beauty care products (collectively the "Products" or individually the "Product")[1] who have purchased the Products with the misrepresentation on the front of the packaging that the Products are from France.

2.     The Products come in five categories, including bar soap, hand wash, foaming hand wash, sugar polish, and hand & body cream. Each category of product contains multiple different fragrances.[2]

3.     Defendant's marketing and sale of the South of France Products misleads consumers to believe the beauty care products are imported from France by prominently displaying on the front of each Product's package: (1) the name of the product itself – South of France – a region in France; (2) French translation of all text on the label; (3) an image of the southern French coastline in the background, with notations of iconic cities such as Marseille, Cannes, and Nice (collectively "French Representations").

4.     Consumers interpret the French Representations to mean that the Products are manufactured in and imported from France. Unfortunately for consumers, the French Representations are false and misleading, because the Products are manufactured in Kentucky.

---

[1] A complete list of all products is provided in Ex. A.

5.    By labeling the Products with the French Representations, Defendant creates consumer deception and confusion. A reasonable consumer purchases the Products believing that they are, as marketed, advertised, and labeled, made in France. However, a reasonable consumer would not deem the Products to be made in France if they knew the Products were manufactured in Kentucky.

6.    Defendant's misrepresentations about the Products were uniform and were communicated to Plaintiff, and every other member of the Class, at every point of purchase and consumption throughout the Class Period.

7.    Plaintiff now brings this action to stop Defendant's misrepresentation and recover the monies she paid for the Products as a result of the misrepresentation, as well as statutory damages and the other relief detailed below.

## JURISDICTION AND VENUE

8.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

9.    Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

10.    This court has personal jurisdiction over Defendant because it conducts and transacts

---

[2] Bar soap comes in the following fragrances: almond gourmande, blooming jasmine, cherry blossom, climbing wild rose, cote d'azur, glazed apricots, green tea, lavender fields, lemon verbena, lush gardenia, orange blossom honey, shea butter, and violet bouquet.

Hand wash comes in the following fragrances: climbing wild rose, cote d'azur, green tea, lavender fields, lemon verbena, orange blossom honey, shea butter, and violet bouquet.

Foaming hand wash comes in the following fragrances: almond gourmande, blooming jasmine, cherry blossom, glazed apricots, lemon verbena, and orange blossom honey.

Sugar polish comes in the following fragrances: cherry blossom, glazed apricots, and lavender fields.

Hand & body cream comes in the following fragrances: climbing wild rose and violet bouquet.

business within New York and contracts to supply and supplies goods within New York.[3]

11. Venue is proper because Plaintiff and many class members reside in this District and Defendant does business in this District and in New York.

12. A substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

13. Plaintiff Salerno is a resident of Queens, New York. Plaintiff purchased Defendant's Hand and Body Cream Product while in Queens during the Class Period because she saw the Product's labeling with the French Representations. Plaintiff relied on Defendant's false, misleading, and deceptive French Representations about the Product to believe that it was made in France. Had Plaintiff known the truth – that the French Representations relied upon in making the purchase were false, misleading, and deceptive – Plaintiff would not have purchased the Product at a premium price. If Defendant started manufacturing the Products in France, or the Products were not deceptively labeled, Plaintiff would purchase the Products again in the future. Plaintiff brings the claims below seeking damages, actual and statutory, as well as injunctive relief.

14. Defendant Kirk's Natural LLC is a Kentucky limited liability company with a principal place of business in Erlanger, Kentucky.

15. On information and belief, the labeling for the Products that Plaintiff and the Class members relied upon in making their decisions to purchase the Products were conceived, designed, prepared and/or approved by Defendant and were disseminated by Defendant and its agents through labeling, marketing and advertising containing the misrepresentations, from its headquarters, alleged herein.

---

[3] By way of example, the Products are sold in Gristedes, Foodtown, Morton Williams Supermarket, and Brooklyn Harvest, all located in New York.

16.    On information and belief, in committing the wrongful acts alleged herein, Defendant, in connection with its subsidiaries, affiliates, and/or other related entities and their employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of false, misleading, deceptive and fraudulent representations, and Defendant participated in the making of such representations in that it disseminated those misrepresentations or caused them to be disseminated.

## SUBSTANTIVE ALLEGATIONS

**A.    Defendant deliberately deceives consumers by falsely labeling the Products with the French Representations.**

17.    Since the time of Louis XV, the world has looked to France as a leader in beauty products.[4] In 1927, the iconic French brand Chanel launched a wide variety of new skincare potions from toners to creams to soaps.[5] In 1954, Jacques Courtin launched French luxury skincare brand Clarins.[6] By 1990, it was the top selling brand in Europe, and distributed to 150 countries around the world.[7]

18.    Today, France dominates the global beauty market with a 23% market share of the global cosmetic industry.[8] "This supremacy is based on the quality of the products, constant innovation and a powerful [imagery] related to French culture and heritage."[9] Other commentators

---

[4] *Women's Hairstyles & Cosmetics of the 18th Century: France & England, 1750-1790*, DEMODE, available at http://demodecouture.com/hairstyles-cosmetics-18th-century/ (last visited Sept. 2, 2021).

[5] *A Guide to French Beauty During Les Annees Folles and What Is Next in 2020*, SUNDAY EDIT, available at https://edit.sundayriley.com/french-beauty-in-2020/ (last visited Sept. 2, 2020).

[6] *A brief history of Clarins*, The GUARDIAN, available at https://www.theguardian.com/fashion/fashion-blog/2012/jan/03/brief-history-clarins (last visited Sept. 2, 2021)

[7] *Id.*

[8] *France dominates the global beauty market but needs to adapt*, PREMIUM BEAUTY NEWS, available at https://www.premiumbeautynews.com/en/france-dominates-the-global-beauty,15180 (last visited Sept. 2, 2021).

[9] *Id.*

have noted

> French cosmetics continue to play a leading role across the world. Admired for its excellence, it innovates constantly to meet the new quest of consumers for well-being: quality and safety of formulations, personalization of products and environmental commitment.[10]

19.    Seeking to cash in on the French reputation for beauty products, Defendant prominently makes the claim "South of France" on the front label of its Products, includes French translations, and places in the background the southern French coastline.



---

[10] *New export sales record for the French cosmetic industry*, PREMIUM BEAUTY NEWS, available at https://www.premiumbeautynews.com/en/new-export-sales-record-for-the,14663 (last visited Sept. 2, 2021) (quoting Patrick O'Quin, President of the French Federation of Beauty Companies).









20.     Taken as a whole, the verbiage and iconography used on Defendant's labels leads consumers to believe that Products are made in France.

**B.      Reasonable consumers reasonably relied on Defendant's misrepresentations to their Detriment.**

21.     Despite Defendant's labeling of the Products with the French Representation, the Products are from Kentucky; perhaps "South of Kentucky" does not have the same appeal for beauty products.

22.     Defendant's labeling of the Products with the French Representations demonstrates its intent to persuade consumers that the Products are made in France. However, as described above, the Products are from Kentucky.

23.     Hence, Defendant's representations that the Products are made in France are false and misleading.

24.     Reasonable consumers, including Plaintiff, purchased the Products based upon their belief that the Products were made in France. However, a reasonable consumer would not deem the Products to be made in France if they knew the Products were from Kentucky.

25.     Defendant's misrepresentations cause confusion among consumers, who believe they are purchasing beauty products imported from France, when, in fact, they are purchasing beauty products made in the United States.

26.     Plaintiff and the Class members reasonably relied to their detriment on Defendant's misleading representations and omissions.

27.     Defendant's false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled Plaintiff and the Class members.

**C.    Defendant's wrongful conduct caused Plaintiff's and the Class members' injuries.**

28.    Defendant knows that consumers are willing to pay more for French beauty care products due to their perception that they are of better quality, and believe they are paying costs associated with importing French products to the United States, over competing American beauty care products.

29.    As a result of these unfair and deceptive practices, Defendant has likely collected millions of dollars from the sale of South of France Products that it would not have otherwise earned. Plaintiff and Class members paid money for beauty care products that are not what they purported to be or what they bargained for. They paid a premium for French products when they could have instead bought other, less expensive, American beauty products. By way of example, Amazon sells a three pack of 8 fluid ounce South of France Lemon Verena Foaming Hand Wash for $14.97; or $0.62 cents per fluid ounce.[11]   Contemporaneously, Amazon sells a three pack of 12.5 fluid ounce Mrs. Meyer's Lemon Verbena Liquid Hand Soap for $11.64; or $0.31 cents per fluid ounce.[12]

30.    In making the false, misleading, and deceptive representations and omissions described herein, Defendant knew and intended that consumers would pay for, and/or pay a premium for, Products labeled with the French Representations. As a result, Plaintiff and the Class

---

[11]       Amazon,       https://www.amazon.com/South-France-Verbena-Extract-Coconut/dp/B077KFC7SD/ref=sr_1_6?dchild=1&keywords=south+of+france+hand+soap+lemon&qid=1630683330&sr=8-6 (last visited Sept. 3, 2021).

[12]       Amazon,       https://www.amazon.com/Mrs-Meyer%C2%B4s-Clean-Day-Verbena/dp/B00NU9MJYS/ref=sr_1_1_sspa?dchild=1&keywords=natural+hand+soap&qid=1630682819&sr=8-1-spons&psc=1&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUEzSjFBMkZYQlNFWjUyJmVuY3J5cHRlZElkPUEwNjU2MTQwMzNGNlJPM1JXNkUxQiZlbmNyeXB0ZWRBZElkPUEwMjIyOTg3UzBBREg3OFZJWUNHJndpZGdldE5hbWU9c3BfYXRmJmFjdGlvbj1jbGlja1JlZGlyZWN0JmRvTm90TG9nQ2xpY2s9dHJ1ZQ== (last visited Sept. 3, 2021).

members were injured in that they:

    a.    Paid a sum of money for the Products, which were not what Defendant represented;

    b.    Paid a premium price for the Products, which were not what Defendant represented;

    c.    Were deprived of the benefit of the bargain because the Products they purchased were different from what Defendant warranted;

    d.    Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented;

    e.    Could not be used for the purpose for which they were purchased; and

    f.    Were of a different quality than what Defendant promised.

31.    Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class members would not have been willing to pay the same amount for the Products they purchased, and/or Plaintiff and the Class members would not have been willing to purchase the Products at all.

32.    Plaintiff and the Class members paid for Products that were represented as being from France but received Products that were from Kentucky. The Products Plaintiff and the Class members received were worth less than the Products for which they paid.

33.    Based on Defendant's misleading and deceptive representations, Defendant was able to, and did, charge a premium price for the Products over the cost of competitive products not bearing the label.

34.    Plaintiff and the Class members all paid money for the Products. However, Plaintiff and the Class members did not obtain the full value of the advertised Products due to Defendant's

misrepresentations and omissions. Plaintiff and the Class members purchased and/or paid more for, the Products than they would have had they known the truth about the Products. Consequently, Plaintiff and the Class members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

## CLASS ALLEGATIONS

35.    The class is defined as of all consumers who purchased any Products in New York at any time during the period September 3, 2018 to the date of class certification ("Class").

36.    A class action is superior to other methods for fair and efficient adjudication.

37.    The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

38.    Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

39.    Plaintiff's claims and the basis for relief are typical to other members because all were subjected to the same representations.

40.    Plaintiff are adequate representatives because their interests do not conflict with other members.

41.    No individual inquiry is necessary because the focus is only on Defendant's practices and the class is definable and ascertainable.

42.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

43.    Plaintiff's counsel are competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

44.    Plaintiff seeks class-wide injunctive relief because Defendant's deceptive practices continue.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
## VIOLATION OF NEW YORK GBL § 349

**(On Behalf of Plaintiff and Other Class Members)**

45.    Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

46.    New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

47.    The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the other Class Members seek monetary damages and the entry of preliminary and permanent injunctive relief against Defendant, enjoining it from inaccurately describing, labeling, marketing, and promoting the Products.

48.    Defendant misleadingly, inaccurately, and deceptively presents its Products to consumers.

49.    Defendant's improper consumer-oriented conduct is misleading in a material way in that it, *inter alia*, induced Plaintiff and other Class Members to purchase and/or pay a premium for Defendant's Products and to use the Products when they otherwise would not have.

50.    Defendant made its untrue or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

51.    Plaintiff and other Class Members have been injured inasmuch as they paid a

premium for Products. Accordingly, Plaintiff and other Class Members received less than what they bargained or paid for.

52.     Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and other members of the Class have been damaged thereby.

53.     As a result of Defendant's recurring deceptive acts and practices, Plaintiff and other Class Members are entitled to monetary and compensatory damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs. This includes actual damages under GBL § 349, as well as statutory damages of $50 per unit purchased.

### SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK GBL § 350

**(On Behalf of Plaintiff and Other Class Members)**

54.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

55.     N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

56.     N.Y. Gen. Bus. Law § 350a(1) provides, in part, as follows:

13

The term 'false advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . .

57.     Defendant's labeling and advertisements contain untrue and materially misleading statements concerning Defendant's Products inasmuch as they misrepresent that the Products are made in France.

58.     Plaintiff and other Class Members have been injured inasmuch as they relied upon the French Representations and paid a premium for the Products which, contrary to Defendant's representations, was false and deceptive. Accordingly, Plaintiff and other Class Members received less than what they bargained or paid for.

59.     Defendant's packaging and product labeling induced the Plaintiff and Class Members to buy Defendant's Products.

60.     Defendant made the untrue and misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

61.     Defendant made the material misrepresentations described in this Complaint in Defendant's Products' packaging and labeling.

62.     Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Products were and continue to be exposed to Defendant's material misrepresentations.

63.     As a result of Defendant's recurring, acts and practices in violation of GBL § 350,

14

Plaintiff and Class Members are entitled to monetary and compensatory damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs as well as statutory damages of $500 per unit purchased.

**THIRD CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and Other Class Members)**

64.     Plaintiff incorporates by references all preceding paragraphs.

65.     Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment:

1.      Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the Class;

2.      Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

3.      Entering preliminary and permanent injunctive relief by directing Defendant to correct such practices to comply with the law;

4.      Awarding damages and interest;

5.      Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

6.      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues.


Dated: September 3, 2021                    Respectfully submitted,

                                           **REESE LLP**
                                           */s/Michael R. Reese*
                                           Michael R. Reese
                                           *mreese@reesellp.com*
                                           Sue J. Nam
                                           *snam@reesellp.com*
                                           100 West 93rd Street, 16th Floor
                                           New York, New York 10025
                                           Telephone: (212) 643-0500
                                           Facsimile:  (212) 253-4272


                                           **REESE LLP**
                                           Charles D. Moore
                                           (to be admitted to E.D.N.Y.)
                                           *cmoore@reesellp.com*
                                           100 South 5th Street, Suite 1900
                                           Minneapolis, Minnesota 55412
                                           Telephone: (212) 643-0500
                                           Facsimile:  (212) 253-4272

                                           *Counsel for Plaintiff*
                                           *and the Proposed Class*

# Exhibit A































































