**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
Sue J. Nam
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

**REESE LLP**
Charles D. Moore
*cmoore@reesellp.com*
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55412
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

*Counsel for Plaintiffs and the Proposed Class*

United States District Court
Eastern District of New York

| | |
|---|---|
| Monique Salerno and Krista Mendoza individually and on behalf of all others similarly situated<br><br>                                    Plaintiffs<br><br>            - against -<br><br>Kirk's Natural LLC<br><br>                                    Defendant | Case No. 21-cv-4987-BMC<br><br>Amended Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiffs Monique Salerno and Krista Mendoza ("Plaintiffs"), by their undersigned attorneys allege upon information and belief, except for allegations pertaining to Plaintiffs, which are based on personal knowledge:

## INTRODUCTION

1. This is a proposed class action brought on behalf of nationwide consumers of Defendant Kirk's Natural LLC ("Defendant") beauty care products (collectively the "Products" or individually the "Product")[1] who have purchased the Products with the misrepresentation on the front of the packaging that the Products are from France.

2. The Products come in four categories, including bar soap, hand wash, foaming hand wash, and hand & body cream. Each category of product contains multiple different fragrances.[2]

3. Defendant's marketing and sale of the South of France Products misleads consumers to believe the beauty care products are imported from France by prominently displaying on the front of each Product's package: (1) the name of the product itself – South of France – a region in France; (2) French translation of all text on the label; (3) an image of the southern French coastline in the background, with notations of iconic cities such as Marseille, Cannes, and Nice (collectively "French Representations").

4. Consumers interpret the French Representations to mean that the Products are manufactured in and imported from France. Unfortunately for consumers, the French Representations are false and misleading, because the Products are manufactured in Kentucky.

---

[1] A complete list of all products is provided in Ex. A.

1

5. By labeling the Products with the French Representations, Defendant creates consumer deception and confusion. A reasonable consumer purchases the Products believing that they are, as marketed, advertised, and labeled, made in France. However, a reasonable consumer would not deem the Products to be made in France if they knew the Products were manufactured in Kentucky.

6. Defendant's misrepresentations about the Products were uniform and were communicated to Plaintiffs, and every other member of the Class, at every point of purchase and consumption throughout the Class Period.

7. Plaintiffs now bring this action to stop Defendant's misrepresentation and recover the monies they paid for the Products as a result of the misrepresentation, as well as statutory damages and the other relief detailed below.

## JURISDICTION AND VENUE

8. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

9. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

10. This court has personal jurisdiction over Defendant because it conducts and transacts

---

[2] Bar soap comes in the following fragrances: almond gourmande, blooming jasmine, cherry blossom, climbing wild rose, cote d'azur, glazed apricots, green tea, lavender fields, lemon verbena, lush gardenia, orange blossom honey, shea butter, and violet bouquet.

Hand wash comes in the following fragrances: climbing wild rose, cote d'azur, green tea, lavender fields, lemon verbena, orange blossom honey, shea butter, and violet bouquet.

Foaming hand wash comes in the following fragrances: almond gourmande, blooming jasmine, cherry blossom, glazed apricots, lemon verbena, and orange blossom honey.

Hand & body cream comes in the following fragrances: climbing wild rose and violet bouquet.

2

business within New York and contracts to supply and supplies goods within New York.[3]

11. Venue is proper because Plaintiff Salerno and many class members reside in this District and Defendant does business in this District and in New York.

12. A substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

13. Plaintiff Salerno is a resident of Queens, New York.  Plaintiff Salerno purchased Defendant's Hand and Body Cream Product while in Queens during the Class Period because she saw the Product's labeling with the French Representations. Plaintiff Salerno relied on Defendant's false, misleading, and deceptive French Representations about the Product to believe that it was made in France.  Had Plaintiff Salerno known the truth – that the French Representations relied upon in making the purchase were false, misleading, and deceptive – Plaintiff Salerno would not have purchased the Product at a premium price.  If Defendant started manufacturing the Products in France, or the Products were not deceptively labeled, Plaintiff Salerno would purchase the Products again in the future.  Plaintiff Salerno brings the claims below seeking damages, actual and statutory.

14. Plaintiff Mendoza is a resident of Yuba County, California.  Plaintiff Mendoza purchased Defendant's Bar Soap, as well as Hand and Body Cream Product from retailers in or around Roseville, California during the Class Period because she saw the Product's labeling with the French Representations. Plaintiff Mendoza relied on Defendant's false, misleading, and deceptive French Representations about the Product to believe that it was made in France. Had Plaintiff Mendoza known the truth – that the French Representations relied upon in making the

---

[3] By way of example, the Products are sold in Gristedes, Foodtown, Morton Williams Supermarket, and Brooklyn Harvest, all located in New York.

purchase were false, misleading, and deceptive – Plaintiff Mendoza would not have purchased the Product at a premium price. If Defendant started manufacturing the Products in France, or the Products were not deceptively labeled, Plaintiff Mendoza would purchase the Products again in the future. Plaintiff Mendoza brings the claims below seeking damages, actual and statutory.

15. Defendant Kirk's Natural LLC is a Kentucky limited liability company with a principal place of business in Erlanger, Kentucky.

16. On information and belief, the labeling for the Products that Plaintiffs and the Class members relied upon in making their decisions to purchase the Products were conceived, designed, prepared and/or approved by Defendant and were disseminated by Defendant and its agents through labeling, marketing and advertising containing the misrepresentations, from its headquarters, alleged herein.

17. On information and belief, in committing the wrongful acts alleged herein, Defendant, in connection with its subsidiaries, affiliates, and/or other related entities and their employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of false, misleading, deceptive and fraudulent representations, and Defendant participated in the making of such representations in that it disseminated those misrepresentations or caused them to be disseminated.

## SUBSTANTIVE ALLEGATIONS

### A. Defendant deliberately deceives consumers by falsely labeling the Products with the French Representations.

18. Since the time of Louis XV, the world has looked to France as a leader in beauty products.[4] In 1927, the iconic French brand Chanel launched a wide variety of new skincare

---

[4] *Women's Hairstyles & Cosmetics of the 18th Century: France & England, 1750-1790*, DEMODE, available at http://demodecouture.com/hairstyles-cosmetics-18th-century/ (last visited Sept. 2, 2021).

4

potions from toners to creams to soaps.[5] In 1954, Jacques Courtin launched French luxury skincare brand Clarins.[6] By 1990, it was the top selling brand in Europe, and distributed to 150 countries around the world.[7]

19. Today, France dominates the global beauty market with a 23% market share of the global cosmetic industry.[8] "This supremacy is based on the quality of the products, constant innovation and a powerful [imagery] related to French culture and heritage."[9] Other commentators have noted

> French cosmetics continue to play a leading role across the world. Admired for its excellence, it innovates constantly to meet the new quest of consumers for well-being: quality and safety of formulations, personalization of products and environmental commitment.[10]

20. Seeking to cash in on the French reputation for beauty products, Defendant prominently makes the claim "South of France" on the front label of its Products, includes French translations, and places in the background the southern French coastline.

---

[5] *A Guide to French Beauty During Les Annees Folles and What Is Next in 2020*, SUNDAY EDIT, available at https://edit.sundayriley.com/french-beauty-in-2020/ (last visited Sept. 2, 2020).
[6] *A brief history of Clarins*, The GUARDIAN, available at https://www.theguardian.com/fashion/fashion-blog/2012/jan/03/brief-history-clarins (last visited Sept. 2, 2021)
[7] *Id.*
[8] *France dominates the global beauty market but needs to adapt*, PREMIUM BEAUTY NEWS, available at https://www.premiumbeautynews.com/en/france-dominates-the-global-beauty,15180 (last visited Sept. 2, 2021).
[9] *Id.*
[10] *New export sales record for the French cosmetic industry*, PREMIUM BEAUTY NEWS, available at https://www.premiumbeautynews.com/en/new-export-sales-record-for-the,14663 (last visited Sept. 2, 2021) (quoting Patrick O'Quin, President of the French Federation of Beauty Companies).

5



 



21. Taken as a whole, the verbiage and iconography used on Defendant's labels leads consumers to believe that Products are made in France.

    **B.    Reasonable consumers reasonably relied on Defendant's misrepresentations to their Detriment.**

22. Despite Defendant's labeling of the Products with the French Representation, the Products are from Kentucky; perhaps "South of Kentucky" does not have the same appeal for beauty products.

23. Defendant's labeling of the Products with the French Representations demonstrates its intent to persuade consumers that the Products are made in France. However, as described above, the Products are from Kentucky.

24. Hence, Defendant's representations that the Products are made in France are false and misleading.

25. Reasonable consumers, including Plaintiffs, purchased the Products based upon their belief that the Products were made in France. However, a reasonable consumer would not deem the Products to be made in France if they knew the Products were from Kentucky.

26. Defendant's misrepresentations cause confusion among consumers, who believe they are purchasing beauty products imported from France, when, in fact, they are purchasing beauty products made in the United States.

27. Plaintiffs and the Class members reasonably relied to their detriment on Defendant's misleading representations and omissions.

28. Defendant's false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled Plaintiffs and the Class members.

9

### C. Defendant's wrongful conduct caused Plaintiffs' and the Class members' injuries.

29. Defendant knows that consumers are willing to pay more for French beauty care products due to their perception that they are of better quality, and believe they are paying costs associated with importing French products to the United States, over competing American beauty care products.

30. As a result of these unfair and deceptive practices, Defendant has likely collected millions of dollars from the sale of South of France Products that it would not have otherwise earned. Plaintiffs and Class members paid money for beauty care products that are not what they purported to be or what they bargained for. They paid a premium for French products when they could have instead bought other, less expensive, American beauty products. By way of example, Amazon sells a three pack of 8 fluid ounce South of France Lemon Verena Foaming Hand Wash for $14.97; or $0.62 cents per fluid ounce.[11] Contemporaneously, Amazon sells a three pack of 12.5 fluid ounce Mrs. Meyer's Lemon Verbena Liquid Hand Soap for $11.64; or $0.31 cents per fluid ounce.[12]

   a. In making the false, misleading, and deceptive representations and omissions described herein, Defendant knew and intended that consumers would pay for, and/or pay a premium for, Products labeled with the French Representations. As a result, Plaintiffs and the Class

---

[11] Amazon, https://www.amazon.com/South-France-Verbena-Extract-Coconut/dp/B077KFC7SD/ref=sr_1_6?dchild=1&keywords=south+of+france+hand+soap+lemon&qid=1630683330&sr=8-6 (last visited Sept. 3, 2021).
[12] Amazon, https://www.amazon.com/Mrs-Meyer%C2%B4s-Clean-Day-Verbena/dp/B00NU9MJYS/ref=sr_1_1_sspa?dchild=1&keywords=natural+hand+soap&qid=1630682819&sr=8-1-spons&psc=1&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUEzSjFBMkZYQlNFWjUyJmVuY3J5cHRlZElkPUEwNjU2MTQwMzNGNlJPM1JXNkUxQiZlbmNyeXB0ZWRBZElkPUEwMjIyOTg3UzBBREEg3OFZJWUNHJndpZGdldE5hbWU9c3BfYXRmJmFjdGlvbj1jbGlja1JlZGlyZWN0JmRvTm90TG9nQ2xpY2s9dHJ1ZQ== (last visited Sept. 3, 2021).

members were injured in that they:

    a. Paid a sum of money for the Products, which were not what Defendant represented;

    a. Paid a premium price for the Products, which were not what Defendant represented;

    b. Were deprived of the benefit of the bargain because the Products they purchased were different from what Defendant warranted;

    c. Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented;

    d. Could not be used for the purpose for which they were purchased; and

    e. Were of a different quality than what Defendant promised.

31. Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiffs and the Class members would not have been willing to pay the same amount for the Products they purchased, and/or Plaintiffs and the Class members would not have been willing to purchase the Products at all.

32. Plaintiffs and the Class members paid for Products that were represented as being from France but received Products that were from Kentucky. The Products Plaintiffs and the Class members received were worth less than the Products for which they paid.

33. Based on Defendant's misleading and deceptive representations, Defendant was able to, and did, charge a premium price for the Products over the cost of competitive products not bearing the label.

34. Plaintiffs and the Class members all paid money for the Products. However, Plaintiffs and the Class members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions. Plaintiffs and the Class members purchased and/or paid more for, the Products than they would have had they known the truth about the Products. Consequently, Plaintiffs and the Class members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

## **CLASS ALLEGATIONS**

35. Plaintiffs seek to represent the following class of consumers:

> All consumers who purchased any Products in the United States at any time during the period September 3, 2015 to the date of class certification

("Nationwide Class" or "Class");

36. A class action is superior to other methods for fair and efficient adjudication.

37. The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

38. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if Plaintiffs(s) and class members are entitled to damages.

39. Plaintiffs' claims and the basis for relief are typical to other members because all were subjected to the same representations.

40. Plaintiffs are adequate representatives because their interests do not conflict with other members.

41. No individual inquiry is necessary because the focus is only on Defendant's practices and the class is definable and ascertainable.

42. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

43. Plaintiffs' counsel are competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF KENTUCKY'S CONSUMER PROTECTION ACT

**(On Behalf of Plaintiffs and the Class Members)**

44. Plaintiffs incorporates by references all preceding paragraphs.

45. Defendant, Plaintiffs, and members of the Class are "persons" within the meaning of the Ky. Rev. Stat. § 367.110(1).

46. Defendant engaged in "trade" or "commerce" within the meaning of KY. REV. STAT. § 367.110(2).

47. The Kentucky Consumer Protection Act ("KCPA") makes unlawful "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce …." Ky. Rev. Stat. § 367.170(1).

48. Defendant participated in misleading, false, or deceptive acts that violated the KCPA by representing to consumers that the Products were from France when they were in fact made in the United States.

49. In the course of its business, Defendant engaged in consumer transactions with numerous consumers in connection with the sale of the Products, yet misleadingly labeled the Products with the French Representations.

50. Defendant engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with its Products consumers.

51. By misleadingly marketing the Products to consumers, Defendant engaged in deceptive business practices in violation of the KCPA.

52. Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the Class, about where the Products were from.

53. Defendant intentionally and knowingly misrepresented materials facts regarding its Products with an intent to mislead Plaintiffs and the Class.

54. Defendant knew or should have known that its conduct violated the KCPA.

55. Defendant made material statements about the Products that were either false or misleading.

56. As a result of Defendant's misrepresentations, it charged consumers a premium for the Products over competitors products not bearing such labeling.

57. Defendant's misrepresentations and omissions were material to Plaintiffs and other Class member's transactions with Defendant and were made knowingly and with reason to know that Plaintiffs and the Class would rely on the misrepresentations and omissions.

58. Plaintiffs and the Class suffered ascertainable loss caused by Defendant's misrepresentations and its concealment of and failure to disclose material information. Plaintiffs and the Class members overpaid for the Products and did not receive the benefit of their bargain but for Defendant's violations of the KCPA.

59. Defendant had an ongoing duty to all Defendant customers to refrain from unfair and deceptive practices under the KCPA.

60. Defendant's violations present a continuing risk to Plaintiffs and the Class as well as to the general public. Defendant's unlawful acts and practices complained of herein affect the public interest.

61. As a direct and proximate result of Defendant's violations of the KCPA, Plaintiffs and the Class have suffered injury-in-fact and/or actual damage.

62. Plaintiffs and the Class members seek monetary relief against Defendant in the amount of actual damages, as well as punitive damages because Defendant acted with fraud and/or malice and/or was grossly negligent.

63. Pursuant to Ky. Rev. Stat. Ann. § 367.220, Plaintiffs and the Class seek to recover actual damages in an amount to be determined at trial; declaratory relief; attorneys' fees; and any other just and proper relief available under Ky. Rev. Stat. Ann. § 367.220.

## SECOND CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION UNDER KENTUCKY COMMON LAW

**(On Behalf of Plaintiffs and the Class Members)**

64. Plaintiffs incorporates by references all preceding paragraphs.

65. As set forth above, Defendant repeatedly advertised, on the Products' labels, on its website and through a national advertising campaign, the French Representations.

66. Contrary to Defendant's representations, the Products are not from France.

67. Defendant owed a duty of care to Plaintiffs and Class members who were the likely and foreseeable purchasers and customers of the Products.

68. Defendant breached this duty of care by misrepresenting the origin of the Products. Defendant misrepresented the Product were from France when the Products were from the United States

69. At the time Defendant made these false representations to consumers, Defendant knew, or in the exercise of reasonable diligence should have known, that these representations were incorrect as the Products were from the United States.

70. Defendant, and its employees in charge of labeling and marketing, made such statements in a careless and reckless manner, throughout the class period.

71. Defendant knew, or in the exercise of reasonable diligence should have known, that

15

the ordinary consumer would be misled by these false representations.

72. The misrepresentations made by Defendant, upon which Plaintiffs and the Class members reasonably and justifiably relied, were intended to induce, and did actually induce Plaintiffs and the Class members to purchase the Products.

73. Plaintiffs and the Class members did in fact rely on Defendant's false and misleading statements to their determent. Plaintiffs and the Class members purchased and used Defendant's Products believing that they were from France.

74. Plaintiffs and the Class members did not know that Defendant's representations were false and, therefore, were justified in their reasonable reliance.

75. Had Plaintiffs and the Class members known the truth about the origin of the Products, they would not have purchased the Products on the same terms or for the same price.

76. As a direct and proximate result of Defendant's negligent misrepresentations described herein, Plaintiffs and the Class members sustained injuries and damages as alleged herein.

77. Plaintiffs and the Class members are entitled to compensatory damages, and exemplary and punitive damages together with interest, and such other and further relief as this Court deems just and proper

### THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT
**(On Behalf of Plaintiffs and Class Members)**

78. Plaintiffs incorporates by references all preceding paragraphs.

79. Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of Plaintiffs and class members, who seek restitution and disgorgement of inequitably obtained profits.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for judgment:

1. Declaring this a proper class action, certifying Plaintiffs as representative and the undersigned as counsel for the Class;

2. Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

3. Awarding damages and interest;

4. Awarding costs and expenses, including reasonable fees for Plaintiffs' attorneys and experts; and

5. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demands a jury trial on all issues.

Dated: August 18, 2022                          Respectfully submitted,

                                       **REESE LLP**
                                       */s/ Charles D. Moore*
                                       Charles D. Moore
                                       cmoore@reesellp.com
                                       100 South 5th Street, Suite 1900
                                       Minneapolis, Minnesota 55412
                                       Telephone: (212) 643-0500
                                       Facsimile: (212) 253-4272

                                       Michael R. Reese
                                       mreese@reesellp.com
                                       Sue J. Nam
                                       snam@reesellp.com
                                       100 West 93rd Street, 16th Floor
                                       New York, New York 10025
                                       Telephone: (212) 643-0500

                                       *Counsel for Plaintiffs*
                                       *and the Proposed Class*

**EXHIBIT A**

| SOUTH OF FRANCE PRODUCT LIST |
|---|
| |
| **6 OZ BAR SOAP** |
| Blooming Jasmine |
| Almond Gourmande |
| Climbing Wild Rose |
| Côte d'Azur |
| Green Tea |
| Herbes de Provence |
| Lavender Fields |
| Lemon Verbena |
| Lush Gardenia |
| Mediterranean Fig |
| Orange Blossom Honey |
| Shea Butter |
| Cherry Blossom |
| Glazed Apricots |
| Violet Bouquet |
| **8 OZ HAND WASH** |
| Green Tea |
| Climbing Wild Rose |
| Côte d'Azur |
| Lavender Fields |
| Lemon Verbena |
| Mediterranean Fig |
| OrangeBlossom Honey |
| Shea Butter |
| Violet Bouquet |
| **8.0 OZ FOAMING HAND WASH** |
| Almond Gourmande |
| Blooming Jasmine |
| Lemon Verbena |
| Orange Blossom Honey |
| Cherry Blossom |
| Glazed Apricots |

| 1.5 OZ TRIAL AND TRAVEL SIZE BAR |
|---|
| Almond Gourmande |
| Blooming Jasmine |
| Climbing Wild Rose |
| Cote d'Azur |
| Green Tea |
| Herbes de Provence |
| Lavender Fields |
| Lemon Verbena |
| Lush Gardenia |
| Mediterranean Fig |
| Orange Blossom Honey |
| Shea Butter |
| Cherry Blossom |
| Glazed Apricots |
| Violet Bouquet |
| **8 oz HYDRATING HAND & BODY CREAM** |
| Climbing Wild Rose |
| Violet Bouquet |