UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MONIQUE SALERNO and KRISTA MENDOZA, individually and on behalf of all others similarly situated,

    Plaintiffs,

-against-

KIRK'S NATURAL LLC,

    Defendant.

---

Case No.: 1:21-cv-04987-BMC

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES TO PLAINTIFFS' COUNSEL AND SERVICE AWARDS TO THE CLASS REPRESENTATIVES**

Plaintiffs[1] Monique Salerno ("Salerno") and Krista Mendoza ("Mendoza") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, respectfully submit this memorandum of law in support of their motion for payment of attorneys' fees, reimbursement of litigation expenses, and service awards for the class representatives (the "Motion").

**I.    INTRODUCTION**

As Plaintiffs discuss in detail in the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of the Class Action Settlement (ECF No. 39-1) and as they set forth in their papers in support of their motion for preliminary approval, Plaintiffs' Counsel achieved a favorable Settlement on behalf of the Settlement Class Members based on Plaintiffs' Counsel's work that included substantial investigation and discovery and extensive arm's-length negotiations. (*See* Declaration of Charles Moore in Support of Plaintiffs' Unopposed Motion for Final Approval (ECF No. 39-2)("Moore Final Approval Decl.") at ¶ 12.

The Settlement allows eligible Settlement Class Members to make up to six-hundred fifty thousand dollars ($650,000) in claims.  (Moore Final Approval Decl. at ¶ 14.) Each Settlement Class Member can receive $2 per product for up to ten (10) products without proof of purchase, and up to forty (40) products with proof of purchase. (*Id.*) Defendant charges a premium over its competitors of approximately $2.48 per product. (*Id.* at ¶ 17.) Thus Settlement Class Members will receive near full compensation for their injury. (*Id.*) This substantial recovery is as much as, if not more than, what consumers would likely receive if the case proceeded to, and succeeded at, trial.

In addition to substantial monetary compensation for the Settlement Class Members, the Settlement Agreement requires Defendant to pay: (1) costs of notice and claims administration up

---

[1] Unless otherwise indicated, capitalized terms shall have the meaning that the Settlement Agreement ascribes to them.  *See* ECF No. 33 ("Settlement Agreement"). References to "§ __" are to sections in the Settlement Agreement.

to $219,000; (2) $385,000 in Attorneys' Fees and Expenses (contingent upon court approval), and, (3) Service Awards of $3,000 for each of the Class Representatives for a total of $6,000 (also contingent upon court approval). Notably, the amounts to be paid by Defendant for Notice; Claims Administration; Attorney Fees and Expenses; and Plaintiffs' Service Awards are separate and apart from the amount to be paid to Class Members, and, therefore, do not reduce in any way the compensation to go to Class Members.

The Parties only reached the Settlement after conducting significant investigation, research, and discovery. They engaged in extensive arm's-length negotiations including a full-day mediation sessions with the Hon. Wayne R. Andersen (Ret.). (*See* Moore Final Approval Decl. at ¶ 4.) The Settlement is an excellent result of these efforts because it provides the Settlement Class Members with meaningful monetary relief.

Plaintiffs' Counsel now hereby move for $385,000 as payment of attorneys' fees and reimbursement of litigation expenses. Plaintiffs' Counsel also hereby requests payments to Plaintiffs of $3,000 each (for a total of $6,000) for their contributions to, and active participation in, the Action as the class representatives.

As the record before the Court demonstrates,[2] the favorable outcome in this case is the result of Plaintiffs' Counsel's hard work and diligent efforts. The amount Plaintiffs request in Attorneys' Fees and Expenses for Plaintiffs' Counsel fairly and reasonably compensates them for their hard work and diligent efforts in negotiating and litigating this matter, as well as their unreimbursed expenses. The requested amount is in line with prior decisions of courts in the

---

[2] The Final Approval Declaration of Charles D. Moore (ECF No. 39-2) is an integral part of this submission. Plaintiffs respectfully refer the Court to this Declaration for a detailed description of the factual and procedural history of the litigation, the claims asserted, the work Plaintiffs' Counsel performed, the settlement negotiations, and the numerous risks and uncertainties the litigation presented.

Second Circuit. *See, e.g.*, *Blessing v. Sirius XM Radio Inc.*, 507 F. App'x 1, 4–5 (2d Cir. 2012) (upholding award of $13 million in fees for injunctive relief settlement achieved after three years of litigation).

Based on Plaintiffs' contributions to the Action and service awards in other cases, the Service Awards for Plaintiffs also are fair and reasonable. For all of the reasons given herein, the Court should grant Plaintiffs' Motion.

## II. THE COURT SHOULD GRANT THE REQUEST FOR PAYMENT OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND SERVICE AWARDS FOR THE CLASS REPRESENTATIVES

Plaintiffs' Counsel have spent more than a year prosecuting this matter. (Moore Final Approval Decl. at ¶¶ 6-15.) They should now be compensated for their work and expenses. Plaintiffs' Counsel seeks payment of $360,895.25 for fees and $24,104.75 for reimbursement of costs (for a total of $385,000). As Plaintiffs show below, the fee request that Plaintiffs' Counsel seek here is well within the range of fee awards in similar cases in the Second Circuit. For the reasons below, Plaintiffs' Counsel respectfully request that the Court issue an order granting their request for payment of $385,000 million for their labor, efforts, and expenses.

### A. Plaintiffs' Counsel Negotiated Attorneys' Fees with Defendant Only after Agreeing upon the Settlement Terms

As an initial matter, it is important to point out that Plaintiffs' Counsel did not negotiate attorneys' fees and expenses with Defendant until after the Parties had reached agreement as to the terms of the Settlement benefiting the Settlement Class Members. (Moore Final Approval Decl. at ¶ 13); *see Shapiro v. JPMorgan Chase & Co.*, 2014 WL 1224666 (S.D.N.Y. Mar. 24, 2014) ("That the Attorneys' Fee Payment was later separately negotiated weighs in favor of its reasonableness.").

Furthermore, the U.S. Supreme Court has held that negotiated, agreed-upon attorneys' fee provisions are the ideal toward which the parties should strive. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "A request for attorney's fees should not result in a second major litigation." *Id.* "Ideally, of course, litigants will settle the amount of a fee." *Id.*

### B. The Agreed-upon Attorneys' Fees and Litigation Expenses Are Reasonable and Warrant Approval

The fee request here is reasonable and worthy of the Court's approval.

Courts commonly look at two methodologies to determine the amount to award class counsel for their efforts in achieving relief for settlement class members: the lodestar method and the percentage-of-the-fund method. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47, 50 (2d Cir. 2000). The lodestar approach is based upon "the number of hours reasonably billed to the class . . . [multiplied] by an appropriate hourly rate." *Id.* at 47. Once the court has made the initial computation, it may, in its discretion, increase the lodestar by applying a multiplier. *Id.*; *see, e.g.*, *Viafara v. MCIZ Corp.*, 2014 WL 1777438, at *14 (S.D.N.Y. May 1, 2014) ("Courts award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher multipliers."); *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 197–98 (S.D.N.Y. 1997) (awarding a 5.5 multiplier).[3]

Under the percentage-of-the-fund method, the court sets a percentage of the value of the available fund recovery as a fee. *Goldberger*, 209 F.3d at 47. District courts within the Second Circuit have routinely upheld attorneys' fee awards of 33-1/3% in class action cases. *Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 216, 220–22 (S.D.N.Y. 2015) (awarding 33-1/3% of class action settlement, an amount totaling $1,550,000, as attorneys' fees); *DeLeon v. Wells Fargo Bank, N.A.*, 2015 WL 2255394, at *5 (S.D.N.Y. May 11, 2015) (awarding 33-1/3% of class action settlement

---

[3] Courts within the Second Circuit use the lodestar method "[a]s a 'cross-check' to a percentage award." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 123 (2d Cir. 2005).

fund as attorneys' fees); *In re Hi-Crush Partners L.P. Sec. Litig.*, , 2014 WL 7323417, at *12 (S.D.N.Y. Dec. 19, 2014) (same); *Zeltser v. Merrill Lynch & Co.*, 2014 WL 4816134, at *8 (S.D.N.Y. Sept. 23, 2014) (same); *Viafara*, 2014 WL 1777438, at *9–15 (same); *Fogarazzo v. Lehman Bros.*, 2011 WL 671745, at *4 (S.D.N.Y. Feb. 23, 2011) (same).

Furthermore, under the percentage-of-the-fund method, it is appropriate to base the percentage on the full amount, *i.e.*, the gross compensation available for the Settlement Class Members to claim plus the additional benefits conferred on the Settlement Class by Defendant's payment of attorneys' fees and expenses and the expenses of notice and claims administration. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 479 (1980) ("Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.").

Under either method, the courts are "guided by the traditional criteria in determining a reasonable common fund fee, including: '(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.'" *Goldberger*, 209 F.3d at 50 (citation omitted).

Here, the value of the Settlement is $1.26 million. The agreed-upon payment of $360,895.25 in Attorneys' Fees is reasonable under the percentage-of-the-fund method, as it constitutes 28.6% of the value of the Settlement. *Raniere*, 310 F.R.D. at 216, 220–22; *In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *12; *Zeltser*, 2014 WL 4816134, at *9 ("Class Counsel's request for one-third of the Fund is reasonable and 'consistent with the norms of class litigation in this circuit.'"). Furthermore, as Plaintiffs set out in more detail below and in

the accompanying Declaration of Charles D. Moore in Support of Final Approval of Settlement, the requested fee is also reasonable under the lodestar methodology. (Moore Final Approval Decl. at ¶¶ 20-23.) and Exhibit 1 attached thereto. As set forth below, under either method, the requested fee is reasonable in light of the *Goldberger* reasonableness factors.

Plaintiffs' Counsel have devoted considerable time and effort to the investigation, prosecution, and settlement of this complex action. Over the course of more than a year, Plaintiffs' Counsel have spent in excess of 339 hours in performance of their services, which has resulted in the Settlement. (*See* Moore Final Approval Decl. ¶ 22 and Exhibit 1 attached thereto.) The Settlement is an outstanding result for the Settlement Class Members, and, indeed, it has already received preliminary approval from the Court. Due to the low dollar amounts at issue, the Settlement Class Members may never have received anything were it not for Plaintiffs' Counsel's efforts. *See Sukhnandan v. Royal Health Care of Long Island LLC*, 2014 WL 3778173, at *9 (S.D.N.Y. July 31, 2014) ("Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by 'private attorneys general,' attorneys who fill the private attorney general role must be adequately compensated for their efforts."). Plaintiffs' Counsel, however, have yet to be paid anything for their labor and efforts.

Plaintiffs' Counsel also have incurred expenses during the course of this case that have yet to be reimbursed, including but not limited to costs associated with mediation and discovery. (Moore Final Approval Decl. ¶ 24 and Exhibit 2 attached thereto.) Plaintiffs' Counsel's lodestar to date is $397,390 and expenses are $24,104.75.[4] Plaintiffs' Counsel now seek payment of $385,000 for their fees and expenses. Defendant does not oppose this request.

---

[4] Plaintiffs' Counsel's lodestar does not, and will not, include any time incurred in seeking fees, including time spent drafting arguments in support of the request for an award of attorneys' fees.

1. <u>The Complexity, Magnitude, and Risks of the Action and the Contingent Nature of the Fee</u>

The risk of litigation that Plaintiffs' Counsel undertook was significant in light of the considerable time and resources they devoted to this case strictly upon a contingency basis. From the commencement of this litigation, Plaintiffs' Counsel have been paid nothing for their substantial efforts. The significant outlay of cash and personnel resources that Plaintiffs' Counsel has made has been completely at risk. As Plaintiffs discuss above, there was a significant possibility that Plaintiffs' Counsel would recover nothing for their substantial efforts. *See In re Lloyd's Am. Trust Fund Litig.*, 2002 WL 31663577, at *28 (S.D.N.Y. Nov. 26, 2002) ("[C]ontingent fee risk is the single most important factor in awarding a multiplier[.]").

Courts have recognized that the risk of non-payment in complex cases, such as the case at bar, is very real. There are numerous class actions in which plaintiffs' counsel expended thousands of hours and yet received no remuneration whatsoever despite their diligence and expertise. *See, e.g.*, *Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) (class counsel won a substantial jury verdict, but the judgment was reversed and the case dismissed, after 11 years of litigation).

2. <u>The Result Achieved and the Quality of Representation</u>

The result achieved and the quality of the services provided are also important factors to consider in determining the amount of reasonable attorneys' fees. *Fleisher v. Phoenix Life Ins.* 2015 WL 10847814, at *21 (S.D.N.Y. Sept. 9, 2015) ("Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award and in assessing the quality of the representation.").

Here, the goals of the litigation were to provide monetary compensation for the Settlement Class Members for their purchases of the Products on account of the allegedly false and misleading marketing. Plaintiffs' Counsel's work in the litigation achieved this significant goal. The

substantial experience of Plaintiffs' Counsel in prosecuting consumer protection class action cases was an important factor in achieving these significant objectives.

        3.        <u>The Requested Multiplier of 0.91 Is Reasonable</u>

To date, Plaintiffs' Counsel have expended no less than 339 hours, for a lodestar of $397,390, based on market rates. (Moore Final Approval Decl. at ¶¶ 22-23 and Exhibit 1 attached thereto.) As of the date of the filing of this brief, the multiplier is 0.91, which falls well within the acceptable range awarded by courts within the Second Circuit. *Zeltser*, 2014 WL 4816134, at *9–10 (approving multiplier of 5.1 and citing numerous cases, including referring to cases where the multiplier ranged as high as 19.6); *Shapiro*, 2014 WL 1224666, at *24 (approving multiplier of 3.05); *Wal-Mart Stores, Inc.*, 396 F.3d at 123 (approving 3.5 multiplier on appeal); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 369 (S.D.N.Y. 2002) (4.65 multiplier was reasonable).

Here, taking into account the significant complexity of the issues, the risks of this litigation, and the contingent nature of the fee, a multiplier of 0.91 is certainly reasonable.

**C.    The Court Should Approve the Reimbursement of Plaintiffs' Counsel's Expenses**

Plaintiffs' Counsel have also expended $24,104.75 in costs, for which they should now be reimbursed. (Moore Final Approval Decl. ¶ 24 and Exhibit 2 attached thereto.) These costs, which included costs for discovery and mediation were integral to the prosecution of the case, as well as part of the process of reaching a resolution of the Action. (*Id.*) "It is well-settled that attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients." *Raniere*, 310 F.R.D. at 222; *see also In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *19 ("Because the expenses here were incurred with no guarantee of recovery, Lead Counsel had a strong incentive to keep them at a reasonable level, and did so.").

**D. The Court Should Approve the Proposed Service Awards to the Class Representatives**

Plaintiffs also have moved the Court to approve Service Awards to the class representatives. "Service awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risk incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs." *Zeltser*, 2014 WL 4816134, at *11 (awarding service awards of $12,500 to each of the three named plaintiffs.

Defendant has agreed to pay Service Awards of $3,000 each to Plaintiffs (for a total of $6,000) as compensation for their time and effort spent in the litigation. (Settlement Agreement §5.2.) Each Plaintiff performed important and valuable services for the benefit of the Settlement Class. (Moore Final Approval Decl. ¶ 28.) Each met, conferred, and corresponded with Plaintiffs' Counsel as needed for the efficient process of this litigation. (*Id.*)

Plaintiffs respectfully request that the Court approve the $3,000 Service Awards.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses to Plaintiffs' Counsel and Service Awards to the Class Representatives.

Date: December 15, 2022                     Respectfully submitted,

By: */s/ Charles D. Moore*
Charles D. Moore
**REESE LLP**
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55412
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
*cmoore@reesellp.com*

**REESE LLP**
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York  10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
*mreese@reesellp.com*

*Counsel for Plaintiffs and the Proposed Class*